**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH F. LASRY, <br><br> Plaintiff, <br><br> v. <br><br> ALEJANDRO MAYORKAS *et al.*, <br><br> Defendants. | Civil Action No. 22-756 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendants Alejandro Mayorkas, the Secretary of the Department of Homeland Security ("Mayorkas"); the United States Department of Homeland Security ("DHS"); and the United States Transportation Security Administration's ("TSA," and collectively with Mayorkas and DHS, "Defendants") Motion to Dismiss Plaintiff Joseph F. Lasry's ("Lasry") Complaint. (ECF No. 12.) Lasry opposed, and Defendants replied. (ECF Nos. 15, 19). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendants' Motion.

**I.    BACKGROUND**

This story finds its home in the Charlotte-Douglas International Airport.[1] In November 2021, Lasry set off to Los Angeles, California, by way of a connecting flight in North Carolina.

---

[1] The Charlotte-Douglas International Airport sits in the Western District of North Carolina. The relevance of this is discussed below.

(Compl. ¶ 8, ECF No. 1.) While proceeding through one of the airport's checkpoints, a United States Transportation Authority officer observed that Lasry was carrying $33,100 in cash in his luggage. (*Id.* ¶ 13.) Consistent with the DHS and TSA's policy, the officer seized the cash and provided Lasry with a receipt as documentation of the seizure. (*Id.* ¶¶ 14, 16-17.)

## II.   PROCEDURAL HISTORY

Fastforward to February 2022. Lasry filed a Complaint in this Court against Defendants for violations of his constitutional rights under the Fourth and Fifth Amendments and he seeks declaratory and injunctive relief for the immediate return of his property, replevin and money damages. (*See* Compl. ¶ 11.) Simultaneously, Lasry moved for an Order to Show Cause. (ECF No. 2.)

On May 16, 2022, the United States (the "Government") initiated a civil forfeiture action in the Western District of North Carolina to seize the $33,100 that Defendants confiscated from Lasry during his fateful Charlotte Airport visit. (*See* Pl.'s Opp'n Br., Ex. B, Civil Forfeiture Compl., ECF No. 15-3.) The civil forfeiture complaint states "[t]his is a civil action *in rem* against approximately $33,100 in United States currency seized from Joseph Lasry on November 8, 2021 at Charlotte-Douglas International Airport (the 'Currency') during an interdiction operation conducted by Homeland Security Investigations ('HSI')." (Ex. B, Civil Forfeiture Compl. ¶ 1.) Defendants seek forfeiture under 21 U.S.C. § 881(a)(6) because "[the $33,100] constitutes money furnished or intended to be furnished . . . in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846." (*Id.* ¶ 5.)

On May 19, 2022, in lieu of an answer to Lasry's Complaint, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[2]

---

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

2

(*See generally* Defs.' Moving Br., ECF No. 12.) In his responsive briefing, Lasry purports to move to 1) dismiss the civil forfeiture action under Rule 12(b)(3)[3]; or alternatively, 2) transfer the civil forfeiture action from the Western District of North Carolina to the District of New Jersey under 28 U.S.C. § 1404(a), consolidate it with the present matter, and 3) direct Defendants to bring the property before the Court and deposit it with the Clerk of the United States District Court for the District of New Jersey. (*See* Pl.'s Notice of Mot. 4, ECF No. 15.)

### III.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A factual challenge under Rule 12(b)(1) challenges the very power of a district court to hear a case, independent of the pleadings. *Mortensen*, 549 F.2d at 891. When evaluating a factual challenge, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Unlike a facial analysis, no presumption of truth attaches to a plaintiff's allegations in a factual challenge and "the existence of disputed material facts will not preclude

---

[3] Lasry confusingly moves to dismiss the civil forfeiture case under Rule 12(b)(3) for improper venue on forum non conveniens grounds. (Pl.'s Notice of Mot. 4.) This is erroneous because forum non conveniens is not invoked when venue is improper, but rather when venue is proper yet transfer is warranted for the convenience of the parties and in the interest of justice. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'") Not to be overlooked, this Court has no authority to dismiss a case before another district court.

the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Furthermore, in a factual challenge, the plaintiff bears the burden of establishing that jurisdiction exists. *Id.*

## IV. DISCUSSION

Defendants contend that this Court must dismiss the Complaint for lack of subject matter jurisdiction. (Defs.' Moving Br. 2.) According to Defendants, the only proper forum for Lasry to challenge the seizure of his money is in the civil forfeiture proceeding pending in the Western District of North Carolina. (*Id.*) This Court agrees.

Pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA"), "[p]roperty taken or detained . . . shall not be repleviable, but shall be deemed to be in the custody of the Attorney General or, the Secretary of the Treasury, as the case may be, subject only to the orders and decrees of the court or the official having jurisdiction thereof." 18 U.S.C. § 981(c). Districts across the nation, including this one, have established that a civil forfeiture action provides an exclusive forum to resolve disputes over seized property. *See McRaith v. Leading Edge Grp. Holdings, Inc.*, No. 10-3351, 2010 WL 4446852, at *3 (D.N.J. Nov. 1, 2010) ("[C]ivil forfeiture action provides an appropriate, and indeed exclusive, forum to resolve disputes over the funds . . ."); *Rosevita Charter Constr. Corp. v. United States*, 787 F. Supp. 39, 43 (D.P.R. 1992) ("[W]here a judicial forfeiture proceeding is pending, the claimant must litigate the claim for the return of the seized property in the forfeiture action."); *United States v. Hernandez*, 911 F.2d 981, 983 (5th Cir. 1990) ("[T]he proper place to litigate the legality of [a] seizure [and forfeiture] is in the forfeiture proceeding.")

Moreover, courts routinely dismiss civil complaints for lack of subject matter jurisdiction once Defendants initiate forfeiture proceedings. *See McRaith*, 2010 WL 4446852, at *3; *Cason v. Holder*, 815 F. Supp. 2d 918, 926-27 (D. Md. 2011) (concluding that Government's initiation of forfeiture proceedings divests district court of jurisdiction over separate suit for the return of that

property); *Ibarra v. United States*, 120 F.3d 472, 476 (4th Cir. 1997) (dismissing plaintiff's claim to recover seized property because the court lacked subject matter jurisdiction once the forfeiture proceeding commenced); *We Cbd, LLC v. United States*, No. 21-115, 2022 WL 989254, at *9 (W.D.N.C. Mar. 31, 2022) (dismissing the complaint over the property because "a forfeiture 'action in rem is not subject to collateral attack in any other court'"). To be sure, that Lasry filed this Complaint prior to the commencement of the civil forfeiture proceeding has no bearing on the determination. *See McRaith*, 2010 WL 4446852, at *2 (dismissing the plaintiff's complaint even though the plaintiff filed it months before the Government initiated the civil forfeiture action); *Bizato v. United States*, No. 14-167, 2014 WL 4694860, at *2 (S.D. Miss. Aug. 18, 2014) (same).

Here, Lasry's Complaint seeks the return of his seized currency. Consequently, the Court must dismiss Lasry's Complaint because the civil forfeiture action, currently pending, provides the only proper forum. If Lasry wants to challenge the seizure of his property, he must file a claim in the pending civil forfeiture action in the Western District of North Carolina.[4] This Court plays no role in Lasry's forfeiture journey.

V. **CONCLUSION**

For the foregoing reasons, the Court grants the Defendants' Motion. An appropriate order will follow.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court finds that the Western District of North Carolina is the only proper forum to adjudicate Lasry's claims, his pending Order to Show Cause (ECF No. 2) is also now denied as moot.